THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MILTON WILLIAMS, Appellant.—

No opinion. Latham, Acting P. J., Gulotta, Brennan and Benjamin, JJ., concur; Shapiro, J., dissents and votes to reverse the order, and to remand for a hearing, with the following memorandum: The defendant seeks to be resentenced as a first felony offender. He was sentenced as a multiple offender based upon a prior conviction in Albany County rendered on January 24, 1962. The defendant alleged that he was unrepresented by counsel during

that prior prosecution. In my opinion, the papers submitted in opposition, which contain copies of what purport to be court records, are not sufficiently unambiguous to conclusively refute the defendant's contentions. Those records were allegedly found by a detective investigator, but the District Attorney did not see fit to submit his investigator's affidavit showing where and under what circumstances he obtained them. Parenthetically, it should be noted that the page of the record upon which the People rely is entirely barren of any printing thereon to show that it is in fact a court record. The other sheets do contain such an inscription. In *People* v. *Williams* (27 A D 2d 859) we held: "Appellant's allegation that he was without counsel at the time of sentencing, if proved, would entitled [sic] him to *coram nobis* relief (*People* v. *Sykes,* 23 A D 2d 701). He is entitled to a hearing on that allegation unless it is conclusively refuted by unquestionable documentary proof (*People* v. *Pearson,* 12 N Y 2d 978, 979; *People* v. *Picciotti,* 4 N Y 2d 340, 345; *People* v. *Winslow,* 24 A D 2d 761). In our opinion, the notation in the docket book, without more, is not such proof (cf. *People* v. *Lombard,* 21 A D 2d 648, 649; *People* v. *Salters,* 20 A D 2d 731; *People* v. *Conklin,* 19 A D 2d 536; *People* v. *Page,* 12 A D 2d 984)." (See, also, *People* v. *Argentine,* 35 A D 2d 819.) I would reverse the order appealed from and remand for a hearing as to the allegations of the petition.